1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JILL P.,

      Plaintiff,

      v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

No. 1:19-CV-03130-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

     Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12.  Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her applications for Disability Insurance Benefits under Title II and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f.  After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed.  For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Motion for Summary Judgment.

## I.    Jurisdiction

Plaintiff filed her applications for Disability Insurance Benefits and Supplemental Security Income on March 7, 2014.  AR 212-13.  Her alleged onset date of disability is January 1, 2012.  AR 358, 365.  At application, Plaintiff alleged that Posttraumatic Stress Disorder (PTSD), attention deficit hyperactivity disorder (ADHD), anxiety, and depression limited her ability to work.  AR 391.  Plaintiff's applications were initially denied on June 20, 2014, AR 264-67, and on reconsideration on September 15, 2014, AR 270-73.

A hearing with Administrative Law Judge ("ALJ") Rebeca L. Jones was held on September 13, 2016. AR 130-46.  Plaintiff did not appear at this hearing, but her attorney was present.  *Id*.  The ALJ took the testimony of vocational expert Thomas Weiford.  *Id*.  The ALJ issued an order to show cause for failure to appear. AR 309.  Plaintiff responded on September 19, 2016.  AR 312- 13.  A second hearing was held on November 17, 2017, and the ALJ took the testimony of Plaintiff and vocational expert Francine Gears.  AR 147-211. On May 2, 2018, the ALJ issued a decision finding Plaintiff ineligible for disability benefits.  AR 15-32. The Appeals Council denied Plaintiff's request for review on April 9, 2019, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Plaintiff timely filed the present action challenging the denial of benefits on

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

1  June 7, 2019.  ECF No. 1.  Accordingly, Plaintiff's claims are properly before this

2  Court pursuant to 42 U.S.C. § 405(g).

3  ## II.    Sequential Evaluation Process

4         The Social Security Act defines disability as the "inability to engage in any

5  substantial gainful activity by reason of any medically determinable physical or

6  mental impairment which can be expected to result in death or which has lasted or

7  can be expected to last for a continuous period of not less than twelve months."  42

8  U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only

9  if the claimant's impairments are of such severity that the claimant is not only

10  unable to do her previous work, but cannot, considering claimant's age, education,

11  and work experience, engage in any other substantial gainful work that exists in the

12  national economy.  42 U.S.C. § 423(d)(2)(A).

13         The Commissioner has established a five-step sequential evaluation process

14  for determining whether a claimant is disabled within the meaning of the Social

15  Security Act. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Lounsburry v. Barnhart,*

16  468 F.3d 1111, 1114 (9th Cir. 2006).

17         Step one inquires whether the claimant is presently engaged in "substantial

18  gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful

19  activity is defined as significant physical or mental activities done or usually done

20  for profit. 20 C.F.R. §§ 404.1572, 416.972. If the claimant is engaged in substantial

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

1  activity, she is not entitled to disability benefits.  20 C.F.R. §§ 404.1571, 416.971.

2  If not, the ALJ proceeds to step two.

3  Step two asks whether the claimant has a severe impairment, or combination

4  of impairments, that significantly limits the claimant's physical or mental ability to

5  do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  A severe

6  impairment is one that has lasted or is expected to last for at least twelve months,

7  and must be proven by objective medical evidence.  20 C.F.R. §§ 404.1509,

8  416.909.  If the claimant does not have a severe impairment, or combination of

9  impairments, the disability claim is denied, and no further evaluative steps are

10  required.  Otherwise, the evaluation proceeds to the third step.

11  Step three involves a determination of whether any of the claimant's severe

12  impairments "meets or equals" one of the listed impairments acknowledged by the

13  Commissioner to be sufficiently severe as to preclude substantial gainful activity.

14  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926; 20

15  C.F.R. § 404 Subpt. P. App. 1 ("the Listings").  If the impairment meets or equals

16  one of the listed impairments, the claimant is *per se* disabled and qualifies for

17  benefits.  *Id.*  If the claimant is not *per se* disabled, the evaluation proceeds to the

18  fourth step.

19  Step four examines whether the claimant's residual functional capacity

20  (RFC) enables the claimant to perform past relevant work.  20 C.F.R. §§

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4**

1     404.1520(e)-(f), 416.920(e)-(f).  If the claimant can still perform past relevant

2     work, the claimant is not entitled to disability benefits and the inquiry ends.  *Id.*

3          Step five shifts the burden to the Commissioner to prove that the claimant is

4     able to perform other work in the national economy, taking into account the

5     claimant's age, education, and work experience.  *See* 20 C.F.R. §§  404.1520(g),

6     404.1560(c), 416.920(g), 416.960(c).  To meet this burden, the Commissioner must

7     establish that (1) the claimant is capable of performing other work; and (2) such

8     work exists in "significant numbers in the national economy."  20 C.F.R. §

9     404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III.    Standard of Review

11          A district court's review of a final decision of the Commissioner is governed

12     by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited, and the

13     Commissioner's decision will be disturbed "only if it is not supported by

14     substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

15     1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than

16     a mere scintilla but less than a preponderance; it is such relevant evidence as a

17     reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v.*

18     *Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d

19     1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining

20     whether the Commissioner's findings are supported by substantial evidence, "a

reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc.*

*Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879

F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.

1992). "The court will uphold the ALJ's conclusion when the evidence is

susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533

F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's

decision on account of an error that is harmless. *Id.* An error is harmless where it

is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.*

(quotation and citation omitted). The burden of showing that an error is harmful

generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*,

556 U.S. 396, 409-10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings

and only briefly summarized here. Plaintiff was 33 years old at the alleged date of

onset. AR 358. She completed her GED in 2003. AR 392. Plaintiff is able to

communicate in English. AR 390. Plaintiff has past work as a barista, bartender,

card dealer, hair stylist, and server. AR 392, 404-08, 417. Plaintiff reported that

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

she stopped working on January 1, 2014 because of her conditions.  AR 391.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not under a disability within the meaning of the Act based on the applications filed on March 7, 2014.  AR 31-32.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged date of onset, January 1, 2012 (citing 20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.).  AR 18.

**At step two**, the ALJ found Plaintiff had the following severe impairments: PTSD, major depressive disorder, alcohol abuse disorder, poly-substance abuse disorder, and ADHD (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).  AR 18.

**At step three**, the ALJ found that Plaintiff's impairments, including the substance use disorders, met section 12.04 of 20 C.F.R. § 404, Subpt. P, App. 1. AR 19.

The ALJ then found that if Plaintiff stopped the substance use, the impairments identified at **step two** would continue to be severe (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).  AR 21.

The ALJ found that if Plaintiff stopped the substance use, at **step three**, she would not have an impairment or combination of impairments that met or medically equaled any impairments listed at 20 C.F.R. § 404, Subpt. P, App. 1. AR 21.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

1    **At step four**, the ALJ found that, if Plaintiff stopped the substance use, she

2    had the RFC to perform work at all exertional levels with the following

3    nonexertional limitations:

> 4    She is able to perform simple routine repetitive tasks in an environment
>       free of fast paced production requirements involving only simple work
> 5    related decision with few if any workplace changes; she is able to
>       perform work that does not require public contact; she is able to have
> 6    occasional superficial co-worker contact with no collaborative tasks;
>       and she is able to have occasional contact with supervisors after the
> 7    initial training period.

8    AR 23.

9    The ALJ identified Plaintiff's past relevant work as waiter/waitress,

10   beverage server (waiter/waitress bar), and card dealer and found that, if she

11   stopped the substance use, she would be unable to perform this past relevant work.

12   AR 30.

13   **At step five**, the ALJ found that, in light of her age, education, work

14   experience, and RFC, there are jobs that exist in significant numbers in the national

15   economy that Plaintiff could if she stopped the substance use.  AR 30-31.  These

16   include floor waxer, industrial cleaner, and wall cleaner.  AR 31.

17   ## VI.    Issues for Review

18   Plaintiff argues that the Commissioner's decision is not free of legal error

19   and not supported by substantial evidence.  Specifically, she argues the ALJ erred

20   by: (1) failing to properly weigh the medical opinion evidence; (2) improperly

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8**

1 finding that substance abuse was material to disability; and (3) failing to properly

2 consider Plaintiff's symptom statements.

### VII.    Discussion

**A. The ALJ properly weighed the medical opinion evidence.**

Plaintiff challenges the weight the ALJ gave to the opinion of N.K. Marks,

Ph.D.  ECF No. 11 at 10-14.

Dr. Marks completed a consultative evaluation on June 7, 2014.  AR 666-72.

She diagnosed Plaintiff with PTSD, ADHD, alcohol dependence in self-stated

remission, generalized anxiety disorder, and personality disorder.  AR 671.  She

provided the following medical source statement:

> [Plaintiff] has difficulty being in crowds and being around other people.
> She continues to endorse symptoms of depression and anxiety.  She has
> not yet resolved several past episodes of trauma including being raped,
> in an abusive relationship and being assaulted by her mother's
> boyfriend.  She would find it difficult to maintain the concentration,
> persistence and pace on a job at this time as her anxiety symptoms are
> fairly high.  She does report some improvement with her current
> medication.

AR 671.  She opined that Plaintiff's prognosis was "[g]ood if she continues with

treatment, poor if she relapses."  AR 671.

The Ninth Circuit has distinguished between three classes of medical

providers in defining the weight to be given to their opinions: (1) treating

providers, those who actually treat the claimant; (2) examining providers, those

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

1  who examine but do not treat the claimant; and (3) non-examining providers, those

2  who neither treat nor examine the claimant.  *Lester v. Chater*, 81 F.3d 821, 830

3  (9th Cir. 1996).  A treating provider's opinion is given the most weight, followed

4  by an examining provider, and finally a non-examining provider.  *Id.* at 830-31.  In

5  the absence of a contrary opinion, a treating or examining provider's opinion may

6  not be rejected unless "clear and convincing" reasons are provided.  *Id.* at 830.  If a

7  treating or examining provider's opinion is contradicted, it may be discounted for

8  "specific and legitimate reasons that are supported by substantial evidence in the

9  record."  *Id.* at 830-31.

10        The ALJ gave "great weight to Dr. Marks's opinion only with respect to the

11  claimant's functioning when abusing substances."  AR 29.  She further stated that

12  Plaintiff showed significant improvements since she stopped abusing substances

13  and her mental status exam results suggested "she had no more than moderate

14  limitations in the ability to maintain concentration persistence and pace when the

15  claimant is not abusing substances."  AR 29.  The ALJ also "considered the fact

16  that the evaluation with Dr. Marks was done for the purposes of qualifying the

17  claimant for continued medical benefits."  AR 30.

18        Plaintiff argues that the RFC determination is inconsistent with Dr. Marks'

19  opinion in regards to the social limitations and concentration.  ECF No. 13 at 2.

20  Defendant argues that Dr. Marks' opined social limitations are consistent with the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

1    RFC and that the ALJ provided legally sufficient reasons for rejecting the opined

2    limitations regarding concentration, persistence and pace.  ECF No. 12 at 4-6.

3         "The RFC assessment must always consider and address medical source

4    opinions.  If the RFC assessment conflicts with an opinion from a medical source,

5    the adjudicator must explain why the opinion was not adopted."  S.S.R. 96-8p.

6    Here, Dr. Marks' opinion regarding social limitations is accurately reflected in the

7    RFC.  She opined that Plaintiff "has difficulty being in crowds and being around

8    other people."  AR 671.  The ALJ's RFC determination accounted for social

9    limitations: "she is able to perform work that does not require public contact; she is

10   able to have occasional superficial co-worker contact with no collaborative tasks;

11   and she is able to have occasional contact with supervisors after the initial training

12   period."  AR 23.  Plaintiff asserts that Dr. Marks' opined "difficulty" with social

13   interactions amounts to a preclusion from social interaction.  ECF No. 13 at 2.

14   However, the Court does not deem a difficulty equal to a preclusion.  Here, the

15   ALJ interpreted Dr. Marks' opinion, which did not include vocational terms

16   addressing frequency of activities, and the Court will not disturb her interpretation.

17   *See Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (If the evidence is

18   susceptible to more than one rational interpretation, the Court may not substitute its

19   judgment for that of the ALJ.).

20        The ALJ provided a specific and legitimate reason for rejecting Dr. Marks'

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

1    opinion regarding Plaintiff's concentration, persistence and pace.  Dr. Marks

2    opined that Plaintiff "would find it difficult to maintain the concentration,

3    persistence and pace on a job at this time as her anxiety symptoms are fairly high."

4    AR 671.  The ALJ found that Plaintiff's symptoms had improved since abstaining

5    from substances and that her "mental status exam shows that she remained on task

6    throughout the assessment and shows no significant difficulties with

7    concentration."  AR 29.  An ALJ may rely on internal inconsistencies in a

8    provider's report when rejecting her opinion.  *Bayliss v. Barnhart*, 427 F.3d 1211,

9    1216 (9th Cir. 2005).  Here, Dr. Marks stated that Plaintiff "remained on task

10   throughout the assessment.  She showed no significant difficulties with

11   concentration."  AR 669.  The ALJ's conclusion was that this "suggests no more

12   than moderate limitations in the ability to maintain concentration persistence and

13   pace when the claimant is not abusing substances."  AR 29.  This is a rational

14   interpretation of the evidence that the Court will not disturb.  *See Tackett*, 180 F.3d

15   at 1097 (If the evidence is susceptible to more than one rational interpretation, the

16   Court may not substitute its judgment for that of the ALJ.).  Therefore, this reason

17   meets the specific and legitimate standard.

18        The ALJ's statement that she "considered the fact that the evaluation with

19   Dr. Marks was done for the purposes of qualifying the claimant for continued

20   medical benefits" is not a specific and legitimate reason for rejecting any portion of

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 12

the opinion.  The Ninth Circuit has found that "in the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998).  However, any error that resulted from this reason is harmless because the ALJ provided a specific and legitimate reason for rejecting the concentration, persistence and pace portion of the opinion.  *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

In conclusion, the Court will not disturb the ALJ's treatment of the Dr. Marks' opinion.

**B. Substance abuse is material.**

Plaintiff argues that the ALJ improperly found that if she stopped using substances she would not be disabled.  ECF No. 11 at 14-17.

The Social Security Act bars payment of benefits when drug addiction or alcoholism is a contributing factor material to a disability claim.  42 U.S.C. §§ 423(d)(2)(C) & 1382c(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).  If there is evidence from an acceptable medical source that Plaintiff has a substance abuse disorder and the claimant succeeds in proving disability, the Commissioner must determine whether drug addiction or alcoholism is material to

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

1    the determination of disability.  20 C.F.R. §§ 404.1535, 416.935; S.S.R. 13-2p.

2    That is, the ALJ must perform the sequential evaluation process a second time,

3    separating out the impact of the claimant's drug addiction or alcoholism, to

4    determine if she would still be found disabled if she stopped using drugs or

5    alcohol. *Bustamante,* 262 F.3d at 955.  Drug addiction or alcoholism is a

6    materially contributing factor if the claimant would not meet the definition of

7    disability if claimant were not using drugs or alcohol.  20 C.F.R. §§ 404.1535(b),

8    416.935(b).  To emphasize, drug addiction or alcoholism must be material; in some

9    situations, "a claimant may be disabled notwithstanding her or his alcohol or drug

10   abuse." *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir. 2001).  To

11   determine the materiality of drug addiction and alcoholism, the Agency will "[1]

12   evaluate which of [the claimant's] current physical and mental limitations . . .

13   would remain if [the claimant] stopped using drugs or alcohol and then [2]

14   determine whether any or all of [the claimant's] remaining limitations would be

15   disabling." *Ingram v. Barnhart*, 72 Fed. Appx. 631, 2003 WL 21801532, at *2

16   (9th Cir. 2003) (citing 20 C.F.R. § 416.935(b)(2)).  "[E]ach and every impairment

17   must be considered to determine if the combination of the remaining impairments

18   is severe." *Id*. at *3 (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)).

19   A claimant has the burden of showing that drug addiction or alcoholism is not a

20   contributing factor material to disability.  *Parra v. Astrue*, 481 F.3d 742, 748 (9th

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 14

Cir. 2007).

Here, the ALJ found that Plaintiff's impairments, including the substance use disorders, met Listing 12.04. AR 19. The ALJ then found that if Plaintiff stopped the substance use, that all her impairments would continue to impose more than minimal restriction on her ability to perform basic work activities. AR 21. Therefore, they continued to be severe. *Id.* The ALJ then continued through the sequential evaluation process and determined that the impairments would not be disabling if Plaintiff stopped the substance use. AR 21-31.

Plaintiff argues that Dr. Marks' evaluation and opined limitations supports the finding that her impairments continue to be disabling if she stops using substances because she had been sober at the time of the evaluation. ECF No. 11 at 16-17. However, as discussed at length above, the ALJ properly addressed and weighed the opinion of Dr. Marks, and it did not support a finding of disability. Therefore, the Court will not disturb the ALJ's determination that Plaintiff's substance use was material.

**C. The ALJ did not err in evaluating Plaintiff's symptom statements.**

Plaintiff argues that the ALJ erred in evaluating her symptom testimony. ECF No. 11 at 17-20.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is reliable. *Tommasetti,* 533 F.3d at

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15**

1039.  First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged.  *Id.*  Second, if the claimant meets this threshold, and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen*, 80 F.3d at 1284.  When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1098.

Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleges; however, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 16

1  explained below." AR 24. Specifically, the ALJ found that "[t]here are numerous

2  inconsistencies between the claimant's testimony and her reports in the treating

3  record." AR 29.

4      The ALJ may consider prior inconsistent statements regarding Plaintiff's

5  symptoms when addressing the reliability of her symptom statements. *See Smolen*,

6  80 F.3d at 1284. Here, the ALJ found that while at the hearing, Plaintiff stated that

7  all the medications she took caused side effects and that the last one she took

8  resulted in particularly bad side effects, but that this was inconsistent with her

9  reports to providers that her medications did not cause side effects. AR 29. At the

10  November 17, 2017 hearing, when asked about her medication and side effects,

11  Plaintiff responded as follows:

12      Yes, all the time. Like, everyone I tried pretty much. The last one was
13      bad. The last medication that I was on, made me feel like it was a
        dream, and I had crazy ideas that I thought were absolutely great. Like,
14      I'm absolutely in love with someone I just met. I'm going to go marry
        them. And, then like it just made me feel weird. And, then I would
15      know a couple days later that that was absolutely ridiculous, and like
        what was wrong with me? I've had a lot of weight gain, and sickness.

16  AR 198. However, at the time of her most recent release from inpatient treatment

17  in January of 2017, Plaintiff reported no side effects from medications. AR 1474.

18  At the next appointment, Plaintiff reported sexual side effects from one

19  medication, but continued to deny side effects from other medications. AR 1467.

20  Additionally, as the ALJ pointed out, Plaintiff expressed a desire to restart Zoloft

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17**

in 2015, stating that it helped her a lot.  AR 834.

Additionally, the ALJ found that Plaintiff's reports that she did not use marijuana because she was allergic to it was inconsistent with reports throughout the record that she was using marijuana.  AR 29.  At the November 17, 2017 hearing, when Plaintiff was asked if she smoked marijuana, she stated "None, I'm allergic."  AR 160, 190.  When the ALJ asked about records indicating that she was using marijuana, Plaintiff stated "I have done dabs before, which is mostly THC, that doesn't have the plant matter.  I have done that without getting sick, because it's the plant matter that I'm allergic so.  So, I have done that before.  But, right now, I'm allergic to marijuana.  My allergies are so awful."  AR 190.  However, Plaintiff admitted to marijuana use on February 3, 2014, AR 572, and February 21, 2014, AR 598.  Additionally, she reported to Dr. Marks that she has smoked marijuana in the past.  AR 667.

The ALJ also found that Plaintiff attempted to downplay her use of alcohol at the hearing, but the record showed a much greater use.  AR 29.  At the November 17, 2017 hearing, the ALJ asked Plaintiff to walk through her sobriety history starting in 2012 to which Plaintiff responded:

> It's not that I was really a regular alcohol drinker, or did it every day.  It's just that I would drink, and then breakdown.  And, so, like if I went, and I got drunk right now, I would probably start crying, and probably breakdown, and something could happen.  It's not that I - - so, I choose not to drink now, because I don't want to end up in jail, honestly.  It was a big - - it really affected my life awfully.  And, I

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18**

don't want to put my son through anything either, so I choose not to drink.

AR 175-76.  However, Plaintiff was seen at urgent care on January 29, 2014 with increased anxiety symptoms after being released from a detox facility the day before.  AR 580.  She admitted to drinking alcohol daily for six years.  AR 582-83. She reported on February 21, 2014 that she began abusing alcohol six years prior. AR 598.  She reported to Dr. Marks that she began drinking six years ago and continued drinking until July of 2013.  AR 667.  On March 19, 2015, Plaintiff reported that she had been abusing alcohol for four years at the rate of a six pack of beer a day.  AR 702.  On January 14, 2015, Plaintiff reported that she experimented with marijuana in college and that she drinks alcohol very seldom. AR 1324.  On April 27, 2016, Plaintiff reported that she had been drinking three to four times per week, consuming one to two tall cans of beer.  AR 686, 691.

In conclusion, the ALJ's determination that there were numerous inconsistencies between her testimony at the hearing and her reports to her providers is supported by substantial evidence.  The ALJ made the following finding:

> The veracity of a claimant's self-reported symptoms is inherently dependent upon her reliability as an accurate historian.  Inconsistent statements and exaggerated symptoms undermine the persuasiveness of the claimant's statements regarding alleged severity of her impairments, particularly in the face of mild objective clinical findings. It is the combination of these inconsistencies, and not any one

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19**

1
2

inconsistency in particular, that undermines her reliability as an accurate historian.

3    AR 29.  Here, the ALJ pointed to repeated locations in the record where Plaintiff's

4    statements made at the hearing were inconsistent with her reports to providers.

5    Therefore, the ALJ determined that Plaintiff was not an accurate historian, and her

6    symptom statements were not reliable.  Therefore, the Court will not disturb the

7    ALJ's determination.

8         Defendant argues that the ALJ found Plaintiff to be malingering; therefore,

9    she was not required to meet the specific, clear and convincing standard.  ECF No.

10   12 at 11.  Absent affirmative evidence of malingering, the ALJ is required to

11   provide specific, clear and convincing reasons to reject Plaintiff's symptom

12   statements.  *Tommasetti,* 533 F.3d at 1039.  Defendant cites to a January 14, 2015

13   hospital admission in which Plaintiff admitted to faking a pregnancy in an attempt

14   to get out of isolation while incarcerated.  ECF No. 12 at 1 *citing* AR 1324, 1492,

15   1543.  However, the ALJ did not find affirmative evidence of malingering or

16   identify this encounter with hospital staff as evidence of malingering.  Therefore,

17   this amounts to a *post hoc* rationalization which the Court will not consider.  *See*

18   *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the

19   reasons provided by the ALJ in the disability determination and may not affirm the

20   ALJ on a ground upon which [she] did not rely.").

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 20

1    Defendant also argues that the ALJ found that Plaintiff's activities

2    undermined her symptom statements.  ECF No. 12 at 12.  A claimant's daily

3    activities may support an adverse credibility finding if (1) the claimant's activities

4    contradict her other testimony, or (2) "the claimant is able to spend a substantial

5    part of [her] day engaged in pursuits involving performance of physical functions

6    that are transferable to a work setting."  *Orn*, 495 F.3d at 639 (citing *Fair v.*

7    *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

8    Here, the ALJ discussed Plaintiff's activities, but only in regards to the RFC

9    determination, not the reliability of Plaintiff's symptom statements: "The

10    claimant's activities also demonstrate that she could perform work consistent with

11    the above RFC when she is not abusing substances."  AR 29.  The Ninth Circuit

12    has clearly stated that "[g]eneral findings are insufficient: rather the ALJ must

13    identify what testimony is not credible and what evidence undermines the

14    claimant's complaints."  *Lester*, 81 F.3d at 834.

15    Since the ALJ did not discuss Plaintiff's activities in regards to the reliability

16    of her symptom statements, Defendant's argument amounts to a *post hoc*

17    rationalization and will not be considered by the Court.  *See Orn*, 495 F.3d at 630

18    (The Court will "review only the reasons provided by the ALJ in the disability

19    determination and may not affirm the ALJ on a ground upon which [she] did not

20    rely.").

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21**

In conclusion, the ALJ provided a specific, clear and convincing reason supported by substantial evidence to support her determination that Plaintiff's symptom statements were unreliable.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from harmful legal error.  Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 17th day of February, 2021.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 22